UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAY EDWARDS BARRY,

        Petitioner,                    Case No. 1:06-cv-844

v.                                          Honorable Gordon J. Quist

CARMEN D. PALMER,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed for failure to present a meritorious federal claim.

**Discussion**

    I.      Factual Allegations

Petitioner is incarcerated in the Riverside Correctional Facility. Petitioner was convicted in the Kalamazoo County Circuit Court of two counts of unarmed robbery. He was sentenced as an habitual offender to concurrent prison terms of eight to twenty-two-and-a-half years. Petitioner raised the following claim on direct appeal in the Michigan Court of Appeals:

> DID THE SENTENCING COURT ERR, AS A MATTER OF LAW, BY HOLDING THAT, IN THE SCORING OF OFFENSE VARIABLE 1 OF THE LEGISLATIVE SENTENCING GUIDELINES, FIVE POINTS COULD BE SCORED FOR A WEAPON BEING DISPLAYED OR IMPLIED BASED ON AN OFFENDER'S ORAL STATEMENT ALONE?

The Michigan Court of Appeals affirmed Petitioner's conviction and sentence in an unpublished opinion issued on June 22, 2006. Petitioner filed an application for leave to appeal in the Michigan Supreme Court asserting the same claim of error. The supreme court denied Petitioner's application for leave to appeal on October 31, 2006. Petitioner now raises the same claim in his application for habeas corpus relief.

    II.      Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 791 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits

in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. This Court also may not consider decisions of lower federal courts in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). Thus, the inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003). A federal habeas court may not find a state adjudication to be "unreasonable"

"simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 410.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

### III.     Scoring of Offense Variable 1

Petitioner claims that the trial court erred in scoring him five points under Offense Variable 1 (OV I), aggravated use of weapon, based exclusively upon Petitioner's threat to use a gun. The Michigan Court of Appeals rejected Petitioner's claim, stating:

> On April 1, 2003 at approximately midnight, defendant entered a convenience store, attacked the clerks, and said he would use a gun if he were not given the money from the cash register. Defendant received the money, and fled the scene.
>
> At sentencing, defendant raised no objection to the guidelines scoring or the information in the presentence investigation report (PSIR). He was sentenced in the middle of the guidelines range of 43 to 107 months to concurrent terms of eight to 22½ years.
>
> Defendant moved for resentencing, challenging the scoring of Offense Variable (OV) 1, MCL 777.31, aggravated use of a weapon. The trial court denied the motion.

Defendant's sole claim of error concerns the trial court's scoring of OV 1 at five points. MCL 777.31 provides in pertinent part:

> (1) Offense variable 1 is aggravated use of a weapon. Score offense variable 1 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> * * *
>
> (e) A weapon was displayed or implied....... 5 points
>
> * * *
>
> (2) All of the following apply to scoring offense variable 1:
>
> * * *
>
> (c) Score 5 points if an offender used an object to suggest the presence of a weapon.
>
> * * *
>
> (e) Do not score 5 points if the conviction offense is a violation of section 82 or 529 of the Michigan penal code, 1931 PA 328, MCL 750.82 (felonious assault) and 750.529 (armed robbery).

"A sentencing court has discretion in determining the number of points to be scored, provided that evidence of record adequately supports a particular score." *People v Hornsby*, 251 Mich App 462, 468; 650 NW2d 700 (2002). We will uphold a scoring decision when there is any evidence in the record to support it. *Id*. Defendant does not specifically contest the accuracy of the facts presented at trial or in the PSIR but instead argues that the facts were insufficient to justify the scoring of five points for OV 1. He maintains that, if a weapon is not actually "displayed," it can only be "implied" by the use of an object to suggest the presence of a weapon as stated in MCL 777.31(2)(c). He contends that mere verbal threats are not enough to imply the presence of a weapon.

We affirm defendant's sentences. Although MCL 777.31(2)(c) instructs the court to score five points when a defendant uses an object to suggest the presence of a weapon, we find the instruction exemplary, and not the exclusive definition of how a defendant can imply the use or presence of a weapon. Defendant argues that the sight of a weapon (or its facsimile) would necessarily have a different effect on the victim than would mere verbal threat. This assertion is unpersuasive. For example,

>       an individual who walks into a store and claims that he has planted explosives elsewhere in the building in an effort to ensure compliance with his orders would likely garner as much obedience as someone who threatens with his finger in his pocket. In this case, a witness testified that he and his fellow clerk strongly resisted defendant when he first attacked them, and only capitulated when they feared that he was armed.
>
>       Defendant also relies on earlier limitations in the armed robbery statute, MCL 750.529, to show that the Legislature intended that mere words are not enough to imply the presence of a weapon. See *People v Parker*, 417 Mich 556, 564-565; 339 NW2d 455 (1983) (words or threats alone are insufficient to prove the "armed" element of armed robbery). Defendant's reliance is misplaced because we must interpret and apply MCL 777.31, not the armed robbery statute. Indeed, this offense variable is not to be scored when the conviction offense is armed robbery. MCL 777.31(2)(e). Therefore, the armed robbery statute is simply inapposite when MCL 777.31 is applied to offenses for which it does pertain. Defendant was convicted of unarmed robbery, MCL 750.529, and evidence in the record supported the trial court's finding that defendant "implied" the presence of a weapon during the commission of that offense. MCL 777.31(1)(e); *Hornsby, supra* at 468. Consequently, the trial court did not err in scoring OV 1 at five points.

*People v. Barry*, No. 259435, 2006 WL 1709923, at *1-2 (Mich. Ct. App. June 22, 2006) (footnotes omitted).

Petitioner alleges only an error of state law in the scoring of OV 1. The federal courts may issue a writ of habeas corpus to release a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§ 2241(c), 2254(a). Accordingly, a petition states a claim for federal habeas relief only if it alleges that petitioner is in custody in violation of the United States Constitution or laws. *Mabry v. Johnson*, 467 U.S. 504, 507 (1984). The federal courts have no power to intervene on the basis of a perceived error of state law. *Estelle v. McGuire*, 502 U.S. 62 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987) ("The federal habeas court does not act as an additional state appellate court to review a state court's interpretation of its own law or procedure."). Moreover, Petitioner's claim does not rise to a level of constitutional magnitude to support habeas

relief because the alleged error is not so egregious that Petitioner was denied a fundamentally fair proceeding in the state court. *See Estelle,* 502 U.S. at 72; *Serra v. Mich. Dep't of Corr.*, 4 F.3d 1348, 1354 (6th Cir. 1993); *Cooper v. Sowders,* 837 F.2d 284, 286 (6th Cir. 1988). Petitioner admits that he threatened "to pop" the store clerks if they did not comply with his demand for money. (Pet. Attach. C.) Accordingly, the state courts' finding that Petitioner "implied" his possession of a gun for purposes of scoring OV 1 was not fundamentally unfair.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because Petitioner fails to raise a meritorious federal claim. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated:  January 4, 2007                         /s/ Hugh W. Brenneman, Jr.
                                                Hugh W. Brenneman, Jr.
                                                United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).